UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Peter Walker;<br><br>                      Plaintiff,<br><br><br><br>-v.-<br>Schreiber/Cohen, LLC<br>                      Defendant(s). | Civil Action No: _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |



MAR 29 2023
FILED - USDC - BPT - C

For this Complaint, the Plaintiff, Peter Walker, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## Parties

4. The Plaintiff, Peter Walker ("Plaintiff"), is an adult individual residing in Westport, Connecticut, and is a "consumer" as the term is defined

by 15 U.S.C. § 1692a(3).

5. Defendant Schreiber/Cohen, LLC ("S/C"), is a business entity with an address of 53 Stiles Road, Suite A-102, Salem, NH 03079, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

ALLEGATIONS APPLICABLE TO ALL COUNTS

A. <u>The Debt</u>

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to a 2nd creditor (2nd Creditor) for collection.

9. Defendants were employed by the 2nd Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>Defendants Engage in Harassment and Abusive Tactics</u>

11. Within the last year, Defendants contacted the Plaintiff in an attempt to collect the Debt.

12. On or about April 22, 2022, S/C filed a lawsuit against Plaintiff on behalf of Cavalry in Connecticut Superior Court, Stamford Judicial District, in an attempt to collect the Debt.

13. Plaintiff received a summons with a cover letter (the "Letter") at his home weeks later on or about March 20, 2022.

14. The entire body of the Letter reads as follows:

Enclosed is a Writ and Complaint for a debt incurred and unpaid. There is still time to resolve this matter and avoid further litigation. If you would like to make arrangements, please call us at 800-423-8142.

15. Despite the fact that a lawsuit had already been filed the Letter is ambiguous as to whether Plaintiff was required to (or had the right to) take any affirmative actions in response to the lawsuit filed against him, such as filing an Answer or other responsive pleading.

16. The only instructions in the Letter to the Plaintiff is S/C's request that Plaintiff call C/S to "make arrangements."

17. Accordingly, upon receiving the Letter, the least sophisticated consumer could reasonably believe that the only option available to them is to call the number provided.

18. Likewise, the least sophisticated consumer would not realize upon receiving the Letter (1) that they have a right to file a responsive pleading or motion in response to the Complaint; and (2) if they fail to file a responsive pleading, Defendants could obtain a default judgment against them.

19. Further, the Letter does not advise Plaintiff that unless he disputes the validity of the Debt within the following thirty days, the Debt will be assumed to be valid; and that if Plaintiff disputes the validity of the Debt within thirty days, Defendants will obtain and mail to Plaintiff verification of the debt or a copy of a judgment against Plaintiff, as required under 15 U.S.C. §1692g.

20. When drafting its Letter to Plaintiff, S/C deliberately omitted the 1692g disclosure from Plaintiff.

21. On March 29, 2022 Plaintiff, not understanding how to proceed, called the number provided on the Letter with the intention of learning more about the alleged debt and options available for resolving the issue without involvement of the court system. Plaintiff spoke with a collection agent (Collection Agent) employed by the Defendant on two phone calls that day.

22. In the second of said phone calls Collection Agent falsely informed Plaintiff that the only way Defendant would have time to stop the case from going to court was if Plaintiff made an immediate $300 payment that day. Plaintiff stated he did not want to make an immediate payment because he did not understand 1) full nature of the debt, 2) what his options for resolving the alleged debt were or 3) what future obligations an immediate payment would commit him to. Collection Agent informed Plaintiff that an immediate payment would not commit Plaintiff to future obligations. Fearful, frustrated, angry and confused Plaintiff made the immediate payment of $300 on that day with the understanding and expectation that the issues, if any, would be resolved without use of the court system. Plaintiff and Collection Agent agreed to future discussions to determine a resolution.

23. On or about April 4, 2022 Plaintiff received a letter (Letter 2) dated April 1, 2022 requesting a signed and notarized Stipulation of Judgment for the alleged debt and $300.00 monthly payments – which directly contradicts the agreement made by Collection Agent in the March 29 phone call.

24. On April 7 Plaintiff called Collection Agent to discuss Letter 2's contradiction to the March 29 agreement. Collection Agent denied the March 29 agreement occurred. Furthermore, Collection Agent also informs Plaintiff that it is to late to prevent case from going to court – again, in direct contradiction to the March 29 agreement.

25. 17 days after March 29 agreement and 7 days after April 7 phone call in which Collection Agent claimed it was too late resolve issue outside of court system Defendant files court case on April 14.

26. The case is now a public record for 20 years.

27. Plaintiff and Collection Agent have numerous phone conversations between March 29 and April 28 in which Plaintiff requests access to Defendants call recordings between Plaintiff and

Collection Agent to clarify the March 29 agreement. On April 28 Plaintiff speaks with Collection Agent's supervisor (Supervisor). Supervisor states he will listen to audio recording to determine if Collection Agent did agreed to anything or did anything improper.

28. In an April 29 phone call Supervisor advises Plaintiff that he and a 3 person panel, including Defendants compliance officer, listened to the recordings and did not hear any agreements or false and improper statements by Collection Agent. Supervisor played a portion of the phone call for Plaintiff, however when Plaintiff requested Supervisor play an earlier portion of the recording, when Plaintiff alleges agreement took place, the Supervisor refuses. Supervisor advises Plaintiff the only way he can hear the recordings is to write directly to the compliance officer. Supervisor provides Plaintiff with compliance officers email address.

29. On May 10 Plaintiff emails Defendants compliance officer requesting access to all recorded phone conversations between the Plaintiff and Defendant's employees.

30. On or about May 11 Plaintiff has a phone call with an attorney (Attorney) for the Defendant. By the end of the phone call Plaintiff and Attorney agree to try to resolve dept issues, if any, outside of the court system. On or about May 12 Defendant withdraws case against Plaintiff.

31. To date, Attorney and Plaintiff are working to resolve outstanding issues in a reasonable manner.

C. Plaintiff Suffered Actual Damages

32. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

33. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

34. When a debt collector withholds key information from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

35. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

36. The Defendant's actions caused Plaintiff to expend time to ascertain what his options and possible responses could or should be.

37. The Defendant's collection efforts with respect to the debt case Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

38. Defendants deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiffs ability to intelligently respond to the Defendants collection because Plaintiff could not adequately or informatively respond to the Defendant's demand for payment of this debt.

39. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the Letter and relied on the Letter to his detriment.

40. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the phone calls with Defendant to his detriment.

41. When a debt collector fails to effectively in form the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

42. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

45. The Defendants' conduct violated 15 U.S.C. § 1692e(9) in that Defendant used written communications made to look like documents authorized, issued or approved by a court giving a false impression of its source, authorization and approval.

46. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

47. The Defendants' conduct violated 15 U.S.C. § 1692e(15) in that Defendant misinformed the Plaintiff that no action was necessary when the Plaintiff had received legal process.

48. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

49. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

50. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

51. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

52. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

53. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

### Conn. Gen. Stat. § 42-110a, et seq.

54. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The Defendant is a "person" as defined by Conn.Gen. Stat. § 42-110a(3).

56. The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

57. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C.§1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated March 29, 2023

                                                        Respectfully submitted;

                                                        By ___/s/ Peter Walker
                                                        Peter Walker
                                                        45 Old Rd,
                                                        Westport, CT
                                                        06880