UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER WALKER, | : | |
| PLAINTIFF | : | |
| V  CASE | : | CASE NO.:3:23-CV-00385-VLB |
| SCHREIBER / COHEN, LLC | : | |
| DEFENDANT | : | August, 22, 2023 |

AUG 23 2023 AM 10:50
FILED-USDC-CT-HARTFORD

**PLAINTIFF'S MEMORANDUM OF LAW**

**IN SUPPORT OF ITS REQUEST TO DENY DEFENDANTS MOTION FOR JUDGEMENT ON THE PLEADNGS**

## CORRECTIVE STATEMENT OF FACTS

Defendant claims in their Statement of Facts, "Plaintiff then called Schrieber. He admitted he owed the debt and made a $300 payment towards the account."

Defendant knows this "statement of fact" is so oversimplified as to be deceptive and untruthful. If this recorded conversation, and others, in possession of the Defendant, are heard by a judge and jury the actual facts will show that the Plaintiff did not make a payment to settle a debt. The Plaintiff made the payment because the Agent told the Plaintiff that the only way the issue could be resolved outside of court was if the Plaintiff made a $300 payment on that day. In exchange for the payment the Agent would email the agreement to the Plaintiff and the issue would be resolved without any further court action.

The agent lied to the Plaintiff. The agreement was not emailed to the Plaintiff and in fact in subsequent conversations she outright denied the agreement. Additionally, the company did not withdraw the case but in fact two weeks later, on April 14, it took further actions to advance the case through the court system.

The Plaintiff is very confident the context, spirit and the scope for the agreement surrounding the $300 payment can quickly and easily be proven if a judge and jury listen to the audio recordings in the Defendant's possession in their entirety and not just the Defendant's deceptively cherry-picked segments.

## ADDITIONAL STATEMENTS OF FACT

The Plaintiff had numerous discussions with the agent, the agent's supervisor and ultimately the Plaintiff sent an email to Defendant's compliance officer (Exhibit A) requesting copies of all recorded conversations in an attempt to clarify any mis-understandings between the parties before the Plaintiff was required to provide an Answer to the April 14 filing.

A couple of days before the Answer was due the Plaintiff received a phone call from Heather Wallace a lawyer for the Defendant. Ms Wallace asked the Plaintiff to describe the circumstances surrounding the agreement and the requests for recordings which he did. The Plaintiff told Ms Wallace his intention was to Answer the court by explaining the March 29 agreement to resolve the issue out of court and to request that the court listen to the audio files to determine if the case should in fact be in the court system or not.

At the end of the call Ms Wallace agreed to withdraw the case before the Plaintiff needed to provide an Answer.

Additionally, at the end of the call Ms Wallace asked the Plaintiff, since she was withdrawing the case, if the Plaintiff would agree to forget about the audio recordings. The Plaintiff said he would not agree; the parties could not forget about the audio recordings because there was something very strange and unethical at a minimum and likely illegal about the entire interaction with the Defendant's agent, supervisor and compliance officer.

Ms Wallace and the Plaintiff agreed to have weekly discussions on Thursdays between 1pm and 2 pm in efforts to first resolve any debt issues if applicable and then determine what if anything could / should be done about any unethical / illegal behavior.

The Plaintiff and Ms Wallace have had in the range of 10 conversations since then; all of which have been amicable and good intentioned.

In September 2022, after numerous discussions describing the Plaintiffs distressed financial situation the Plaintiff asked Ms Wallace if the client would settle for a dollar figure. Despite the fact that earlier communications between the Defendant and their client took less than 30 minutes; months after the Plaintiffs proposal Ms Wallace still had not heard back from her client whether his proposal was acceptable or not. In February or 2023 Ms Wallace claimed her client wanted 3 months of all of the

Plaintiffs personal back accounts before accepting the proposal. The Plaintiff provided said bank account statements in further attempts to resolve the issue. Plaintiff has still not heard any communication in the positive or negative from the Defendant or the Defendants client

It is unclear to the Plaintiff if any of the communications / proposals being communicated to the Defendant is in fact being communicated to their client for a decision.

The issue remains unresolved.

## Argument 1

## Plaintiffs Successful Actions To Protect Himself From Harm, Caused By Defendant's Illegal Actions, Should Not Exonerate Defendant From Its Illegal Actions And A Trial By Jury

In the Defendant's Motion to Dismiss, the Defendant appears to claim that even if the Defendant did engage in illegal activity, the case should not be heard by a judge and jury. The rationale appears to be that because the Plaintiff took preventative measures to challenge the Defendant's illegally obtained payment of $300.00 and further attempt to mislead the Plaintiff into signing a potentially unfavorable contract, that the Plaintiff was ultimately not harmed; therefore the Defendant's illegal behavior, that forced the Plaintiff to take protective actions, is acceptable. Simplistically, no harm no foul. However, there is harm as explained in paragraph below.

This Defendant's rationale further suggests that it is ok for companies to engage in illegal practices and if challenged on those illegal practices by consumers to withdraw to a "legally safe zone" to cover their tracks/liability. And if their illegal behavior is not challenged by unsuspecting / unsophisticated consumers then they 1) secure very favorable financial gains from said consumers and 2) gain competitive advantages over other competitive businesses that do not permit their employees to utilize illegal practices.

From a layman's perspective, if the Defendants rationale is applied to other crimes then:

- A bank robber who fails to rob a bank and does not cause injury, property damage or monetary loss is therefore not guilty of attempted robbery.
- A car driver caught driving 50 miles per hour in a school zone but does not cause injury, property damage or monetary loss is therefore not guilty and does not have to pay the traffic ticket.

This of course is not true; if justice is to be served then the bank robber should do his time in jail and the car driver should pay his traffic ticket. Similarly, is there any justifiable reason not to expect that and a company, that whose representatives employ illegal misrepresentation tactics to trick consumers and gain a competitive advantage over other law-abiding companies, should not be punished appropriately whether their illegal activities are successful or not? Of course not, the company should face punishment for it's illegal activities, regardless of its success or failure, just like the failed bank robber and the speeding driver.

Furthermore, given that the Defendants agents, supervisors and compliance officers reviewed audio tapes in their possession containing the alleged illegal behavior, and allegedly found no illegal behavior, strongly suggests the behavior is an acceptable tactic within the company. The risk of occasionally being challenged on their illegal activity is far outweighed by the financial and competitive rewards gained by the continued use of the illegal practice.

If unpunished, this poses a threat (or harm) to current and future consumer "targets" of the Defendant's who will be illegally tricked into unfavorable contracts. If unpunished, law-abiding competitive companies will be forced to choose between suffering financial losses due to unfair competitive practices or to engage in the illegal activities themselves to remain competitive.

The illegal behavior not only harmed the Plaintiff, but will harm other unsuspecting / unsophisticated individuals like the Plaintiff, businesses and society in general unless the full facts of the case are presented to a jury and punitive damages awarded (if appropriate) to deter future illegal behavior.

For this reason, Plaintiff humbly requests the Court deny the Defendant's First Motion for Judgement on the Pleadings and allow a jury to hear the full facts of the case and determine appropriate actions if warranted.

### Argument 2

### Plaintiff Does Have Article III Standing

The Plaintiff does have Article III standing as he has suffered injury caused by the agents and representatives employed by the Defendant, there is a casual connection between the injury and conduct of the Defendant's agents and representatives, and if a jury is allowed to hear all the facts of the case the injury will likely be redressed by a favorable decision.

At a bare minimum the Defendant's agent used illegal deception to extract a $300 payment from the Plaintiff.  In exchange for the payment an agreement stating that further court proceedings would be stopped was to be emailed to the Plaintiff and the Defendant would not instigate any further court proceedings.  The Defendant failed to deliver on both commitments for which the Plaintiff paid, the agreement was never sent via email or other means as the agent stated and the Defendant did in fact advance the case in the court system approximately 2 weeks later.  The discussion regarding this payment and agreement are recorded and in the Defendants possession if they dispute it.

These actions caused the Plaintiff to spend many hours in discussions with the Defendant's in an attempt to get them to live up to their commitments as agreed.  Additionally, these actions caused the Plaintiff to spend many hours on the phone with credit counselors and the Consumer Financial Protection Bureau learning if what he experienced was unethical or illegal.  Furthermore, these actions caused the Plaintiff to spend many more hours on the phone with clerk's offices, and at legal libraries learning what an Answer to a court case was and how to prepare one.  These lost hours, and many more hours performing legal research and drafting other court documents are a direct result of the Defendant's illegal actions that continue to injure the Plaintiff to this day in that the lost time would have been used by the Plaintiff on other work.

The Plaintiff has suffered further injury due to the Defendants actions or lack there-of. As described in the Additional Statements of Facts, The Plaintiff has been awaiting a decision relating to a proposal suggested by the Plaintiff to the Defendant to share with their client for over 10 months now. Initial communications between the Defendant and their client took less than 30 minutes. It is unclear to the Plaintiff if his proposal has in fact been communicated by the Defendant to their client or not. As a result, the Plaintiff is suffering injury through a damaged credit score which these days results in financial loss, lost housing opportunities and damages employment prospects.

In addition to these injuries, the Plaintiff has been advised that what constitutes "injury in fact" is unsettled law.

It has been suggested to the Plaintiff that the fact that the Defendant's misleading illegal actions forced the Plaintiff to take protective actions to protect himself against additional injury caused by the Defendant's illegal activity in itself constitutes an injury to the Plaintiff.

In summary, the Plaintiff has in fact suffered injury that is directly related to the actions of the Defendant. Furthermore, upon listening to all of the facts it is likely that a jury would return a favorable decision for the Plaintiff.

For these reasons, Plaintiff humbly requests the Court deny the Defendant's First Motion for Judgement on the Pleadings and allow a jury to hear the full facts of the case and determine appropriate actions if warranted.

### Argument 3

### Audio Recordings Clearly Demonstrating False or Deceptive Means To Collect A Debt Exist As Described By Plaintiff In Paragraphs 22 – 31 Of Complaint And Should Be Heard By A Jury

In the Defendant's Motion to Dismiss, Argument 3, the Defendant's arguments and case citations all relate primarily to a letter sent to the Plaintiff by the Defendant. However, nowhere in Argument 3, or any of the other arguments made in the motion, does the Defendant argue against the Plaintiff's claim that misrepresentations in violation of 15 U.S.C. 1962e (10) where made by the Defendant's agents in recorded phone calls that the Defendant has in it's possession.

The Defendant then claims, "Plaintiff clearly failed to demonstrate defendant used any false or deceptive means to collect his debt." This is deceitful; the Defendant knows the Plaintiff has repeatedly requested access to the audio recordings in its possession which will clearly demonstrate that the Defendant's employees utilized false and deceptive means to extract a payment from the Plaintiff and attempted to mislead him into signing a very unfavorable contract.

Additionally, Defendant argues that Plaintiff "…failed to allege a FDCPA violation", however Plaintiff did make allegations to FDCPA violations including 15 U.S.C. 1962e (10) in paragraph 46 of the complaint.

The Plaintiff has been advised by credit counselors and representatives at the Consumer Financial Protection Bureau that if his recollection of events is accurate, then the Defendant is in fact employing false and deceptive means to collect debts in violation of 15 U.S.C. 1962e (10) and 15 U.S.C 1962f.

The Defendant is in possession of audio recordings documenting at least one violation of FDCPA 1692.

For this reason, Plaintiff humbly requests the Court deny the Defendant's First Motion for Judgement on the Pleadings and allow a jury to hear the full facts of the case and determine appropriate actions if warranted.

## Conclusion

Plaintiff does have Article III standing. Plaintiff was injured by Defendant's misrepresentations and deceptive and unconscionable means to collect a debt and given the opportunity to hear all the facts of the case it is likely a jury will return a favorable judgment for the Plaintiff. For these reasons the Plaintiff respectfully requests the Defendant's Motion for Judgement be denied.

For Plaintiff
/s/ Peter Walker

## ORDER

THE FOREGOING MOTION HAVING BEEN HEARD, IT IS HEREBY ORDERED: GRANTED / DENIED

_____

JUDGE / CLERK OF THE COURT

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on 23 August, to the following counsel of record or pro-se parties:

Heather Wallace
Schrieber/Cohen LLC
67 Burnside Ave,
East Hartford CT
06108-3408

/s/ Peter Walker
Peter Walker