UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER WALKER, | : | |
| PLAINTIFF | : | |
| V | : | CASE NO.: 3:23-CV-00385-VLB |
| SCHREIBER / COHEN, LLC | : | |
| DEFENDANT | : | Sept. 26, 2023 |

| | |
|---|---|
| Date of Complaint Filed: | 03/29/2023 |
| Date of Complaint Served: | 7/17/2023 |
| Date of Defendant's Appearance: | 7/27/2023 |

Pursuant to Fed. R. Civ. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on 09/18/2023. The participants were:

Peter Wallker                    for plaintiff [party name]

Heather Quigley Wallace          for defendant [party name]

I. Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-representative parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement

or other resolution of the case; and, (B) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. Jurisdiction
  a. Subject Matter Jurisdiction
     - Plaintiff is of the opinion that the Federal Court does have jurisdiction because the claims arise under federal law, an injury in fact has occurred and additional injury will likely be uncovered in discovery.
     - Defendant is of the opinion that plaintiff does not have jurisdiction to submit this matter to Federal Court as he has not alleged an injury in fact.
  b. Personal Jurisdiction
     - Personal jurisdiction is not contested.

III. Brief Description of Case
  a. Plaintiff alleges defendant, in a recorded phone call, agreed to end court proceedings relating to a debt if a payment towards the debt was made on that day. After a payment was made, rather than end court proceedings as agreed, defendant subsequently advanced them. The plaintiff alleges the defendant used misrepresentations in said phone call to mislead the plaintiff into making a payment. Plaintiff further alleges misrepresentations continued in numerous follow up phone calls with employees of the defendant thereafter. As a result, plaintiff sued defendant claiming the defendant engaged in violations of the FDCPA(e), FDCPA(f) and others and the Connecticut Unfair Trade Practices Act.
  b. Defendant appeared and filed a motion for judgment on pleadings on the grounds that plaintiff does not have Article III Standing. That motion is still pending. In general, defendant denies all allegations of wrongdoing.
  c. Not applicable.

IV. STATEMENT OF UNDISPUTED FACTS:

In 1997, Citibank, N.A., ("Original Creditor") issued Plaintiff a credit card account. (the "Account"). Plaintiff used that account until November 9, 2020 when he was unable to make payments. On March 10, 2021, Original creditor charged off the account and transferred the debt to Cavalry SPV I, LLC. Thereafter, Cavalry SPV I, LLC retained the services of Defendant, Schreiber Law, LLC. f/k/a "Schreiber / Cohen's, LLC" (hereinafter "defendant") to collect the outstanding debt.

Plaintiff contacted defendant and they discussed potential resolution of the matter. This is where the facts are in dispute.

V. Case Management Plan
   a. Initial disclosure shall be served by <u>1/01/2024</u>
   b. Scheduling Conference
      - The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ P. 16(b)
      - The parties prefer that a scheduling conference, if held, be conducted by telephone, zoom or teams.
      - If it is allowed, the plaintiff prefers to appear in person if a scheduling conference is held and is fine with defendant participating using telephone, zoom or teams. (If it is in person, defendant's attorney can appear in person as well.).

   c. Early Settlement Conference
      - The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  (The parties did not consider settlement at this time as a preliminary matter, defendant is contested subject matter jurisdiction in the case.).
      - The parties do not request an early settlement conference.
      - At a later date, once the motion is considered and/or ruled upon, the parties would agree to a settlement conference with the presiding judge of magistrate judge, a parajudicial officer or special master.  The parties agree that the court can designate an appropriate judiciary.
      - The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.  Parties agree to discuss this further once the defendant's current motion.

VI. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings.  The parties have discussed and proceedings and have reached the following agreements for resolution of any issues related to this efficiency of the pleadings.
   a. Plaintiff should be allowed until 05/31/2024 (2 months after completion of discovery) to file motions to join additional parties and until 05/31/2024 (2 months after completion of discovery) to file motions to amend the pleadings.   Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.
   b. Defendant should be allowed until 6/30/2024 to file motions to join additional parties and until 6/30/2024 to file a response to the complaint, or any amended complaint. Motions filed after the foregoing gates will require, in additional to

      any other requirements under the applicable rules, a showing of good cause for the delay.

    c. The parties respectfully request the right to reserve the opportunity to call engage in any additional discovery if necessary.

VII. Discovery

    a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below this concerning discovery, the parties have considered the scope of discovery permitted under Fed R. Civ. P. 26(b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

        i. Plaintiffs position:
- All call recordings, audio files and edited audio files – if applicable.
- Any and all documents that defendant is going to produce at trial.
- *The parties agree to exchange detailed and specific discovery demands.*
- *The parties agree to exchange detailed and specific discovery demands.*

        ii. Defendant's Position:
- Any and all documents that plaintiff intends to produce at trial.
- *Any and all financial statements of the plaintiff's accounts, holdings, etc.*
- *The parties agree to exchange detailed and specific discovery demands.*

    b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 25(b)(4), will be commenced by on or before 03/31/2024 and completed by 05/31/2024.

    c. Discovery may be conducted in phases.

    d. N/A.

    e. The parties anticipate that the plaintiff will require between 1 and 5 depositions and that the *defendant* will require a total of 1 deposition of plaintiff.  The depositions will commence on 5/1/24 and be completed by 6/30/24.
- \*\*\*\* The parties respectfully request the right to reserve the opportunity to depose additional witnesses if necessary.

    f. The parties may request permission to serve more than 25 interrogatories.

    g. Plaintiff may call expert witnesses at trial.  Defendant does not intend to call expert witness at trial as of this time.

- **** The parties respectfully request the right to reserve the opportunity to call an expert witness if necessary. However, the parties agree to present disclosure of any expert within reasonable time of retention of any such expert.

h. Plaintiff may retain an expert and timely disclose of same and will provide copies of any written reports, opinions, or reflections rendered by the expert.
   i. Considering the plaintiff's expert, defendant may retain an expert as well.
   ii. **** The parties respectfully request the right to reserve the opportunity to call an expert witness if necessary. However, the parties agree to present disclosure of any expert within reasonable time of retention of any such expert.
i. N/A
- **** The parties respectfully request the right to reserve the opportunity to call an expert witness if necessary. However, the parties agree to present disclosure of any expert within reasonable time of retention of any such expert.

j. N/A
- **** The parties respectfully request the right to reserve the opportunity to call an expert witness if necessary. However, the parties agree to present disclosure of any expert within reasonable time of retention of any such expert.
-

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by <u>07/31/2024</u>.
l. Undersigned counsel and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information and allocation of closes of assembling and producing such information. The parties have been unable to reach an agreement on the procedures for the preservation, disclosure and management of electronically stored information. Following this position of party:

- The parties agree to cooperate with one another on all aspects of document retrieval, protection of information and will exchange all documentation accordingly. Both parties are unclear as to what the Court is specifically looking for. Parties agree that the documents shall be saved in the best possible and most practical manner.

- Plaintiff's position is as follows:  defendant should provide plaintiff access to all audio files between the plaintiff and defendant for review of audio content and if necessary for audio forensics purposes.  Audio files should include all original files in addition to any files that were edited to exclude credit card or other content provided to transcription services or others if appropriate.
- Defendant's position is as follows: Our system is automatically backed upon and our professional IT system is on top of maintaining all electronically stored information and being able to produce the same.

m.

Undersigned counsel and self-represented parties have discussed the location, volume organization and costs of retrieval of information stored in paper or other non-electronic forms.  The parties have been unable to reach an agreement on the procedures of the preservation, disclosure and management of such information.   Following is the position of the party:

- The parties agree to cooperate with one another on all aspects of exchanging all documentation accordingly. Both parties are unclear as to what the Court is specifically looking for. Parties agree that the documents shall be saved in the best possible and most practical manner.

- Plaintiff's position is as follows:  defendant should provide plaintiff access to all audio files between the plaintiff and defendant for review of audio content and if necessary for audio forensics purposes.  Audio files should include all original files in addition to any files that were edited to exclude credit card or other content provided to transcription services or others if appropriate.

- Defendant's position is as follows: Our system is automatically backed upon and our professional IT system is on top of maintaining all electronically stored information and being able to produce the same.

    n.
Undersigned counsel and self represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work product protection, including procedures for asserting privileges claims after production. The parties have been unable to reach an agreement on the procedures for asserting claims of privilege after production.  Following is the position of the party:

- The parties agree to cooperate with one another on all aspects of document retrieval, protection of information and will exchange all documentation accordingly. Both parties are unclear as to what the Court is specifically looking for. Parties agree that the documents shall be saved in the best possible and most practical manner.

- Plaintiff's position is as follows:  defendant should provide plaintiff access to all audio files between the plaintiff and defendant for review of audio content and if necessary for audio forensics purposes.  Audio files should include all original files in addition to any files that were edited to exclude credit card or other content provided to transcription services or others if appropriate.
- Defendant's position is as follows: Our system is automatically backed upon and our professional IT system is on top of maintaining all electronically stored information and being able to produce the same.
-

VIII. Other Scheduling Issues
  a. The parties do not see any other scheduling matters as this is not a class action, there will be no additional parties joined.
IX. Summary Judgment Motions:
  a. Summary Judgment motions, which must comply with local Rule 56, will be filed on or before 09/30/2024
X. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by *the parties on or before a date confirmed by the court.*

XI. TRIAL READINESS
  a. The case will be ready for trial by January 31, 2025.

As officers of the Court undersigned Counsel agree to cooperate with each other and the Courts to promote the just, speedy and inexpensive determination of this action.

Defendant

By: /s/ Heather Q. Wallace, ctbar 30537     Date: 09/26/2023

    The undersigned self-represented parties certify that they will cooperate with all other parties, counsel and the Court to promote the just, , speedy and inexpensive determination of this action.

By: /s/ Peter Walker     Date: 09/26/2023