UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PETER WALKER,                                    :

     PLAINTIFF                                :

               V                :          CASE NO.: 3:23-cv-00385—VLB

SCHREIBER / COHEN, LLC                  :

     DEFENDANT                             :          October 13, 2023


**<u>DEFENDANT'S MEMORANDUM OF LAW</u>**

**<u>IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT</u>**

     Pursuant to Federal Rules of Civil Procedure and CT Practice Book, Defendant hereby submits its Memorandum of Law in support of its Motion to Dismiss for lack of subject matter jurisdiction as plaintiff lacks standing filed simultaneous with this memorandum of law.

## **TABLE OF CONTENTS**

PROCEDURAL HISTORY…………………………..…………………..     5

STATEMENT OF FACTS ……………………………..………………     5

ARGUMENT……………………………………..……………….…     7

      PLAINTIFF'S COMPLAINT MUST BE DISMISSED
      AS PLAINTIFF LACKS ARTICLE III STANDING…………….. 7

      DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED
      AS PLAINTIFF FAILS TO STATE A VALID CAUSE
      OF ACTION...……..…………………………………     10

    PLAINTIFF FAILS TO ALLEGE ANY
      VIOLATION OF THE FAIR DEBT COLLECTION
      PRACTICES ACT. …..……………………..……………..     13

CONCLUSION……..…………………………………………………..     16

## TABLE OF CITATIONS

**TABLE OF CITATIONS**        **PAGE**

**STATUTES**

Federal Rules of Civil Procedure Rule 12     10

15 U.S.C. § 1692     13-14

15 U.S.C. §1692 k(a)     13

**CASES**

*Ashcroft v. Iqbal*, 129 S.Ct 90 (2009)     12

*ATSI Communc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.2d 87 (2d Cir. 2007)     11

*Bell v. Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007)     11

*Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)     14

*Construction & General Laborers' Local Union v. City of Hartford*,

153 F. Supp. 2d 156 (D. Conn. 2001)     10,11

*Denney v. Deutsche Bank AG*, 443 F3d 253 (2d Cir. 2006)     7

*DeSantis v. Computer Credit, Inc.*, 269 F3d 159 (2d Cir. 2001)     13

*Faherty v. Rubin & Rothman*, 3:21-cv-650 (AWT)     7, 10

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010)     11

*Hutchinson v. CBRE Realty Finance, Inc.*, 683 F. Supp. 2d 265 (2d Cir. 2008)     12

*Jaghory v. N.Y. State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)     10

*Jefferson Solar, LLC v FuelCell Energy, Inc.*, 213 Conn.App. 288, 288 A.3d 1032

(CT App. June 14, 2022)     7,11

*Johnson v. Rowley*, 569 F3d. 40 (2d Cir. 2009)     11

*Kola v Foster & Garbus, LLP*, No. 19-CV-10496, 2021 WL 4135153, *3 (SDNY Sept. 10, 2021)                                                                                    7

*Kropelnicki v Siegel*, 290 F.2d 118 (2d Cir. 2021)                                  13,14

*Lively v. WAFRA Inv. Advisory Group*, 64 F4d 293 (2d Cir. 2021)        7,10

*Lujan v Defs of Wildlife*, 504 U.S. 555 (1992)                                        8

*Maddox v Bank of New York Mellon Co.*, N.A., 19 F.4d 58 (2d Cir. 2021)    7-8

*Moyer v Patenaude & Felix*, 991 F. 3d 466 (3d Cir. 2021)                    13-15

*MyTech v. May Dept. Stores Co.,* 34 F. Supp.2d 131 (D. Conn. 1999)      11

*North Sails Group, LLC v Boards & More GambH, 340 Conn. 266, 269-70, 264 A.3d 1* (2021)                                                                                 11

*Rent Stabilization Assoc., v. Dinkins*, 5 F.3d 591, 594 n.2 (2d Cir. 1993)   10

*Ross v. Bank of Am., N.A.(USA)*, 524 F3d 217 (2d Cir. 2006)                  7

*Rotkiske v. Klemon*, 140 S.Ct 355, 205 L. Ed. 2d 191 (2018)              13

*Spokeo v. Robins*, 136 S. Ct. 1540 (2016)                                          8

*TransUnion, LLC v Ramirez*, 141 S. Ct 2190 (2021)                            8,9,13

*United States v Yale New Haven Hosp.*, 727 F.Supp.854 (D. Conn. 2009)   12

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on March 29, 2023 alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA").  Plaintiff, however, failed to serve the complaint on Defendant until July 17, 2023, which is more than 90 days after the filing of said Complaint. The only reason that the complaint was not dismissed is that the Court gave the plaintiff an additional two (2) weeks to serve defendant.

On July 27, 2023, Defendant's counsel filed her appearance.  On August 2, 2023, Defendant filed its Motion for Judgment on the Pleadings and its legal memorandum supporting its motion.  Thereafter, the parties exchanged objections and responses to Defendant's motion.

On October 5, 2023, this Court denied without prejudice Defendant's Motion for Judgment on the Pleadings "as it was filed before pleadings closed."  Consequently, Defendant hereby files its Motion to Dismiss the plaintiff's complaint and memorandum of law in support of its motion.

## STATEMENT OF FACTS

On or about November 1, 1997, Citibank, N.A., ("Original Creditor") issued Plaintiff an American Airlines Advantage (AAdvantage) credit card account. (the "Account").  Plaintiff used that account for purchases and made periodic payments towards the balance until November 9, 2020. Thereafter, Plaintiff fell in default and on March 10, 2021, Original Creditor charged off the account and transferred the account to Cavalry SPV I, LLC.

On December 7, 2021, Cavalry SPV I, LLC retained the services of Defendant, Schreiber Law, LLC, f/k/a "Schreiber / Cohen, LLC" (hereinafter "Schreiber") to collect

the balance due on the account.  An attorney with Schreiber performed a meaningful review of the account. On January 11, 2022, Schreiber sent an initial demand letter to Plaintiff informing him that Schreiber was a "debt collector" and attempting to collect a debt owed to Cavalry SPV I, LLC.  In bold type face, Schreiber provided specific directions on how to dispute the debt.  (See Exhibit A). Plaintiff did not respond or otherwise dispute the debt.

On or about March 16, 2022, an attorney at Schreiber conducted a second meaningful review of the account. That attorney reviewed the Summons and Complaint prepared in connection with the collection of the debt. Those pleadings were sent to a State Marshal for service and on March 23, 2022, a State Marshal served the Plaintiff.

Plaintiff then called Schreiber.  In his phone conversation with Defendant's agent, he admitted he owed the debt and made a $300 payment towards the account.

Plaintiff and defendant continued to negotiate payment of the balance of the account.  Other than an initial payment of $300, the parties did not agree as to payments of the balance of the debt.

Schreiber filed the Summons and Collection Complaint in the Superior Court, J.D. Fairfield at Bridgeport ("Collection Case") on April 14, 2022.[1]   Plaintiff told Schreiber's counsel that he was concerned over court deadlines, and that being unfamiliar with the courts, he would rather continue negotiations without having to think about those deadlines. Schreiber's attorney agreed to dismiss the Collection Case on May 12, 2022. As Oscar Wilde poetically stated "No good deed goes unpunished."

---

[1] Plaintiff in his complaint, indicates that the matter was filed in April, but weeks later in March, he was served. March precedes the month of April so clearly, plaintiff is wrong.

**LEGAL ARGUMENT**:

**ARGUMENT 1**

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED
AS PLAINTIFF LACKS STANDING TO SUE.**

Plaintiff's Complaint must be dismissed on the grounds that this Court lacks subject matter jurisdiction since plaintiff lacks Article III standing as he fails to allege that he sustained any concrete or direct injury. "The issue of standing implicates a court's subject matter jurisdiction … to establish standing to raise an issue for adjudication, a complainant must make a colorable claim of direct injury." *Jefferson Solar, LLC v. FuelCell Energy Inc.*, 213 Conn.App. 288, 293, 288 A.3d 1032, 1036 (CT App. June 14, 2022). "Standing is the threshold question in every federal case, determining the power of the court to entertain the suit." *Faherty v. Rubin & Rothman*, 3:21-cv-650 (AWT) *See attached hereto and made part hereof)* (citing *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006). "That is, where a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over that claim and must dismiss it." *Faherty, supra. (quoting Kola v. Foster & Garbus, LLP*, No. 19-CV-10496, 2021 WL 4135153, at *3 (S.D.N.Y. Sept 10, 2021) (citations omitted). As in this case, Plaintiff lacks standing to sue and it is appropriate to dismiss the action pursuant to Rule 12(b)(1) for want of subject matter jurisdiction.

In order to establish Article III standing, the plaintiff must show (1) an 'injury in fact', (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision. *Maddox v. Bank of*

*New York Mellon tr. Co., N.A.*, 19 F. 4d 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs of Wildlife,* 504 U.S. 555, 260-61 (1992). In order to establish that plaintiff sustained an injury in fact, plaintiff must show the invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Faherty, supra quoting Maddox,* 19 F. 4th at 62.  An injury satisfies the concrete requirement if it "actually exists – and that it is not hypothetical or conjectural."  *See Spokeo v. Robins,* 136 S.Ct, 1540, 1548 (2016).

"For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause to sue a defendant over the defendant's violation of federal law and (ii) plaintiff's suffering concrete harm because of the defendant's violation of federal law." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2204 (2021) (quoting *Spokeo v. Robins*, 578 U.S. 330, 341 (2016)). Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court. *Id*.

Here, plaintiff does not allege any injury in fact, nor that he sustained any concrete harm as a result of any of Defendant's actions.  He claims that he received an "ambiguous" letter. In response to that letter, he called Defendant and discussed the possibility of resolution. He alleges that he received a proposed stipulation for judgment in the mail providing for a payment plan.  No judgment was ever filed.  Plaintiff did not sustain any injury.

Plaintiff further alleges that there were contradictory telephone discussions with Defendant's agent.  Due to the "contradictory" statements, Plaintiff alleges that he wanted to hear the call recordings.  Inexplicably, Plaintiff claims by Defendant's refusal

to share its recorded phone conversations with Plaintiff, Defendant has violated the FDCPA.  Obviously, Defendant's refusal to share its recorded conversation is not a violation of FDCPA.  Regardless, Plaintiff has failed to demonstrate that he sustained concrete harm by Defendant's actions.

Plaintiff claims that he sustained 'actual' damages as a result of Defendant's action as he "continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment," none of which qualifies as concrete harm or injury by the Supreme Court. *See Spokeo, supra.*, 578 U.S. at 345. Thus, plaintiff has failed to allege any violation of the FDCPA.  He has not alleged any actual harm or any concrete injury.  And, as the Supreme Court held, "an injury in law is not an injury in fact."  *See also TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2204, 2205 (2021). As such, Defendant's motion must be granted as Plaintiff lacks standing to sue and, therefore, this Court lacks subject matter jurisdiction.

## ARGUMENT 2

## DEFENDANT ESTABLISHED THAT IT IS ENTITLED TO DISMISSAL AS THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Defendant's motion to dismiss must be granted as plaintiff lacks standing to sue, thereby depriving this court of subject matter jurisdiction.  For purposes of ruling on a motion to dismiss for want of standing… the [court] must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Construction & General Laborers' Local Union v. City of Hartford*, 153 F. Supp. 2d 156 (D. Conn. 2001)  "A motion to dismiss for lack of standing should be treated as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12 (b) (6)." *Construction & General Laborers' Local Union v. City of Hartford*, 153 F. Supp. 2d 156 (D. Conn. 2001) (citing *Rent Stabilization Assoc., v. Dinkins*, 5 F.3d 591, 594 n.2 (2d Cir. 1993). "[T]he court must accept all factual allegations in the complaint as true and draw inferences from the allegations in the light most favorable to the plaintiff. *Id.* *Jaghory v. N.Y. State Dept. of Educ.,* 131 F.3d 326, 329 (2d Cir. 1997).

> A motion to dismiss tests, *inter alia,* whether on the face of the record, the court is without jurisdiction.  In deciding a jurisdictional question raised by a motion to dismiss, a court must take the facts to those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleading…[w]hen the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss… the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint…Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]… if affidavits and/or other evidence submitted in

support of a defendant's motion to dismiss conclusively
establish that jurisdiction is lacing and the plaintiff fails to
undermine this conclusion with counteraffidavits … or other
evidence, the trial court may dismiss the action without
further proceedings."

*Jefferson Solar LLC v. FuelCell Energy, Inc.*, 213 Conn.App.288,290, 288 A.2d 1032,

1034 (CT App. Div June 13, 2022), citing *North Sails Group, LLC v Boards & More*

*GambH, 340 Conn. 266, 269-70, 264 A.3d 1 (2021)*.  "The function of a motion to

dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight

of the evidence which might be offered in support thereof."   *Construction & General*

*Laborers' Local Union v. City of Hartford*, 153 F. Supp. 2d 156 (D. Conn. 2001) (citing

*Mytych V May Dept. Stores Co.*, 34 F.Supp.2d 130, 131 (D. Conn. 1999).

To survive a Rule 12(b) motion, the plaintiff's complaint must contain a sufficient

factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.*

(quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "The assessment of

whether a complaint's factual allegations plausibly give rise to an entitlement of relief…

calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of illegal conduct." *Id.*  The Court will accept all factual allegations as true and

will draw all reasonable inferences in favor of the plaintiff.  *Id.* (quoting *Johnson v*

*Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (citing *ATSI Commc'ns Inc v Shaar Fund, Ltd.,*

493 F3d 87,98 (2d Cir. 2007).

Plaintiff's obligation is to provide sufficient grounds of his entitlement for relief

which must surmount to more than simple labels and/or conclusions and a mere

recitation of the elements is insufficient.  *See Bell & Atlantic Corporation v. Twombley,*

550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it renders naked assertions

devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 193(2009). The question is not whether plaintiff will ultimately win but whether plaintiff is entitled to offer evidence to support the claims set forth in his complaint. *United States v. Yale New Haven Hosp.* 727 F. Supp. 784, 786 (D. Conn. 1990). If it is clear that plaintiff's complaint fails to state a claim upon which relief could be granted in reviewing the facts alleged, a motion to dismiss for failure to state a claim should be granted. *See Hutchinson v. CBRE Realty Finance, Inc.* 683 F. Supp. 2d 265, 268 (D. Conn. 2009).

Plaintiff's Complaint fails to state a claim upon which relief can be granted under the FDCPA.  Even accepting all allegations as true, Plaintiff utterly fails to state grounds on which he may be entitled to relief.  None of the allegations contained in his complaint show any substantial injury or need for relief. The complaint contains simple labels, legal conclusions and a mere recitation of the elements of a cause of action under the FDCPA.  Plaintiff fails to demonstrate with facts that there is a sufficient cause of action upon which relief can be granted. Clearly, simple labels and conclusions cannot be a basis for demonstrating that Defendant violated the FDCPA.

Plaintiff failed to allege any facts supporting a claim of an FDCPA violation and he clearly failed to demonstrate any concrete harm or actual injury as argued above.  As such, Defendant met the burden of establishing that Plaintiff has failed to present facts upon which relief should be granted.  Therefore, Plaintiff's complaint must be dismissed.

## ARGUMENT 3

## PLAINTIFF FAILS TO ALLEGE ANY VIOLATION OF THE FDCPA.

The FDCPA was implemented to eliminate any harassing, abusive and unfair behavior by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote State action to protect consumers against debt collection abuses.  15 U.S.C §1692, *et seq.  See also Rotkiske v. Klemm,* 18-328, 140 S. Ct. 355,358, 205 L.Ed. 2d 191)(2019).  "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices. *See Moyer v. Patenaude & Felix*, 991 F.3d 466  (3d Cir. 2021). "The FDCPA establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection and requires that such debt collectors advise the consumer whose debts they seek to collect of certain rights."  *See Kropelnicki v Siegel,* 290 F2d 118 (2d Cir. 2002) (quoting *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir. 2001).  The FDCPA further authorizes private civil actions against debt collectors.  15 U.S.C. § 1692k(a). *See also TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2206 (2021).

The FDCPA prohibits the use [by a debt collector] of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.  15 U.S.C §1692e(10). *See also Kropelnicki v. Siegel*, 290 F.3d 188 (2d Cir. 2002).  Plaintiff clearly fails to demonstrate defendant used any false or deceptive means to collect his debt.

In *Kropelnicki v. Siegel, supra*, the plaintiff appealed the district court's dismissal of her complaint alleging FDCPA violations against the defendant debt collectors. The Court noted that claims for FDCPA violations are reviewed under the "least sophisticated consumer standard in order to: (1) ensure the protection of all consumers even the naïve and trusting against deceptive debt collection practices and (2) protect debt collectors against liability for bizarre or idiosyncratic interpretations of collections." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). *See also Moyer v. Patenaude & Felix, supra.*

Even in the eyes of the least sophisticated consumer, plaintiff fails to allege a FDCPA violation. Herein, plaintiff claims that when he was served, a cover letter was attached indicating that "there was still time to resolve this matter and avoid further litigation…. If you would like to make arrangements, please call…" and provides a phone number.  He contends that this letter is "ambiguous" and to the least sophisticated consumer, this is a violation. However, as explained by the Third Circuit, it clearly is not.

In *Moyer v. Patenaude & Felix,* 991 F. 3d 466 (3d Cir. 2021), plaintiff sued defendant alleging numerous FDCPA violations claiming that he received a collection letter that was deceptive and in violation of §1692.  The letter stated "if you wish to eliminate further collection activity, please contact us at" and it provided the firm's phone number. Moyer claimed that this was deceptive to the least sophisticated debtor as it would "deceive" a consumer into believing a phone call was all that was required to cease collection efforts. The lower court and Circuit Court disagreed.  The Court held that the letter was not deceptive as it never stated specifically that a phone call would

be a legally effective means to stop all collection efforts. *Moyer, supra* The Court held that it was an invitation to "eliminate" collection efforts, not that it would by law force the firm to cease collection efforts. *See Moyer supra.*

Likewise, herein, defendant's letter is a mere invitation to "make arrangements" for repayment of the debt. It offers plaintiff an opportunity to reach out to defendant to work out a resolution. This is not a violation of the FDCPA and plaintiff's complaint must be dismissed.

## CONCLUSION

Plaintiff filed this action in federal court thereby invoking federal jurisdiction. Plaintiff bears the burden of establishing each of the elements of his complaint, including Article III standing. Plaintiff has not alleged any concrete harm or any injury in fact. Thus, Plaintiff lacks Article III standing. Plaintiff has failed to allege any facts upon which relief may be granted.

WHEREFORE, by reason of the foregoing, Defendant respectfully requests that this Court dismiss Plaintiff's complaint.

> For Defendant,
> By Its Attorneys
>
> /s/ Heather Q. Wallace, CT Fed Bar # ct30537
> Heather Q. Wallace, CT Fed Bar # ct30537
> SCHREIBER LAW, LLC
> Jeffrey A. Schreiber, Juris # 438731
> Heather Q. Wallace, ct 30537
> SCHREIBER LAW, LLC
> 53 STILES RD, A-102
> SALEM NH 03079
> HWALLACE@SCHREIBLAW.COM

## **ORDER**

THE FOREGOING MOTION HAVING BEEN HEARD, IT IS HEREBY ORDERED:

GRANTED / DENIED.

_____

JUDGE/CLERK OF THE COURT

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on 12

October 2023, to the following counsel of record or pro-se parties:

Peter Walker
45 Old Rd.
Westport CT 06880

/s/ Heather Q. Wallace, CT Fed. Bar # ct 30537
Heather Q. Wallace
COMMISSIONER OF THE FEDERAL COURT

COPY OF *FAHERTY V RUBIN & ROTHMAN, LLC*

CIVIL 3:21-cv-650(AWT)
United States District Court, D. Connecticut

# Faherty v. Rubin & Rothman, LLC

Decided Apr 6, 2022

CIVIL 3:21-cv-650(AWT)

04-06-2022

KATHLEEN S. FAHERTY, Plaintiff, v. RUBIN & ROTHMAN, LLC and JOHN DOES 1-25, Defendants.

Alvin W. Thompson United States District Judge

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

Alvin W. Thompson United States District Judge

The plaintiff, Kathleen S. Faherty, brings this action on behalf of herself and all others similarly situated against defendants Rubin & Rothman, LLC and John Does 1-25. The complaint has one count: a claim for abusive debt collection in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The defendants move for judgment on the pleadings on two grounds: 1) lack of standing; and 2) failure to state a claim against the defendants for violations of the FDCPA. Because the plaintiff lacks standing, the court does not reach the second ground.

For the reasons set forth below, the defendants' motion is being granted. *1

1

## I. Factual Background

At some point prior to April 20, 2021, the plaintiff incurred one or more financial obligations to Bank of America by purchasing goods and services, which were primarily for personal, family, and household purposes. First Am. Class Action Compl. and Demand for Jury Trial ("Am.

Compl.") at ¶¶ 18-20, ECF No. 7. The debt amounted to approximately $27,213.56. Am. Compl., Ex. E.

On November 9, 2020, D & A Services, LLC, a debt collection agency, sent an initial collection letter to the plaintiff. See Am. Compl., Ex. A. On November 22, 2020, the plaintiff sent a letter to D & A Services, LLC, asking for documentation relating to the agency's authority to collect on the debt. See Am. Compl., Ex. B. On January 7, 2021, having received no response from D & A Services, the plaintiff sent a second letter to the agency. The letter stated, "[t]his is a second notice that your claim is disputed and validation is requested." Am. Compl., Ex. C. On April 2, 2021, the plaintiff sent a third letter to D & A Services, asking for documentation to validate the debt. See Am. Compl., Ex. D. The plaintiff never received the requested verification from D & A Services. Am. Compl., at ¶ 28.

At some point prior to April 12, 2021, Bank of America solicited assistance from Rubin & Rothman to collect on the plaintiff's debt. On April 12, 2021, Rubin & Rothman sent a *2 collection letter to the plaintiff. See Am. Compl., Ex. E. On April 20, 2021, Rubin & Rothman sent a letter to the plaintiff, enclosing verification of the plaintiff's debt.

2

The plaintiff contends that by sending the April 12, 2021 debt collection letter to the plaintiff, the defendants violated Section 1692g(b) of the FDCPA. Section 1692g(b) sets forth a debt collector's obligations in the event that a consumer notifies the debt collector in writing, within a thirty-day period, that a debt is disputed:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b). The plaintiff argues that the April 12, 2021 letter violated this provision because the plaintiff had already disputed the debt and requested verification of it in [3] the letters sent to D & A Services. She contends that the requests for validation sent by her to D & A Services triggered obligations under Section 1692g(b) with respect to Rubin & Rothman and that by sending the April 12, 2021 debt collection letter, the defendants violated Section 1692g(b)'s mandate to cease debt collection efforts upon receipt of a written notice disputing the debt until validation is provided to the debtor.

The plaintiff also claims that sending the April 12, 2021 letter violated Section 1692(e) of the FCDPA. Section 1692(e)(10) of the FDCPA prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(e)(10). The plaintiff contends that no attorney meaningfully reviewed the plaintiff's file prior to sending the April 12, 2021 letter because had an attorney done so, they would have known that the plaintiff already disputed the debt. The plaintiff argues that by sending the April 12, 2021 letter without any meaningful attorney involvement, and with no indication as to the level of attorney involvement in reviewing her file, the defendants engaged in deceptive means to collect the debt in violation of Section 1692(e)(10). [4]

## II. Legal Standard

"Rule 12(c) provides that '[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings.'" *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting Fed.R.Civ.P. 12(c)). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Id.* (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)). "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (alteration in original) (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief . . . calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." *Id.* (alteration in original) (quoting *Lynch*, 952 F.3d at 75). In making this assessment, the court "will accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's]

favor." *Johnson v. Rowley,* 569 F.3d 40, 43 (2d Cir. 2009) (citing *ATSI Comme'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007)). *5

### III. Discussion

"Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Ross v. Bank of Am., N.A. (USA),* 524 F.3d 217, 222 (2d Cir. 2008) *(quoting Denney v. Deutsche Bank AG,* 443 F.3d 253, 263 (2d Cir. 2006)). "That is, where a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over that claim and must dismiss it." *Kola v. Forster & Garbus LLP,* No. 19-CV-10496, 2021 WL 4135153, at *3 (S.D.N.Y. Sept. 10, 2021) (citing *SM Kids, LLC v. Google LLC,* 963 F.3d 206, 210 (2d Cir. 2020)).

"Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of New York Mellon Tr. Co.,* N.A., 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61, (1992)). "Each element of standing 'must be supported . . . with the manner and degree of evidence required at the successive stages of litigation,' and at the pleading stage, 'general factual allegations of injury resulting from the defendant's conduct may suffice.'" *New York v. Yellen,* 15 F.4th 569, 575 (2d Cir. 2021) (quoting *Lujan,* 504 U.S. at 561). "Where, as here, the defendants' challenge to the plaintiffs' standing is 'facial,' meaning that the defendants do not offer any evidence *6 of their own, our task is to determine whether, 'accepting as true all material factual allegations of the complaint, and drawing all reasonable inferences in favor of the plaintiff[],' the complaint 'alleges facts that affirmatively and plausibly suggest that the plaintiff[] ha[s] standing to sue.'" *Id.* (quoting *Carter v. HealthPort Techs., LLC,* 822 F.3d 47, 56-57 (2d Cir. 2016)).

"To demonstrate injury in fact, a plaintiff must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Maddox,* 19 F.4th at 62 (quoting *Strubel v. Comenity Bank,* 842 F.3d 181, 188 (2d Cir. 2016)). In determining whether an injury is concrete, "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez,* 141 S.Ct. 2190, 2204 (2021) (quoting *Spokeo v. Robins,* 578 U.S. 330, 341 (2016)). "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id.* "[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms. If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in *7 fact under Article III. " *Id.* "Various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts. Those include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.* (citations omitted). "Congress may 'elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law.'" *Id.* (quoting Spokeo 578 U.S. at 341). "But even though 'Congress may elevate harms that exist in the real world before Congress recognized them to actionable legal status, it may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is.'" *Id.* (quoting *Hagy v. Demers & Adams,* 882 F.3d 616, 622 (6th Cir. 2018)).

The defendants contend that "the [p]laintiff has not suffered any concrete harm as a result of her FDCPA allegations." Mem. L. Supp. Mot. J. on

the Pleadings, at 9, ECF No. 16-1  The defendants argue that "[t]he [p]laintiff has not alleged that she had the intent or the ability to pay any or all of her [Bank of America] debt. . . . Nor does the [p]laintiff's claim of 'lack of meaningful attorney review' connote Article III standing." *Id.*[8]

The plaintiff asserts that "Article III standing can be found if the debt collector provided a Section 1692g notice in its initial communication to the consumer but it was so defective that it actually misled the consumer[.]" Mem. L. Opp. Mot. J. on the Pleadings, at 7, ECF No. 21. She claims that the defendants' April 12, 2021 debt collection letter confused and misled her "as to the level, if any, of attorney involvement in meaningfully reviewing the [Bank of America] obligation file notes attributable to [p]laintiff" and as to the validity of the debt. *Id.* at 8. She argues that had she not been misled, "she would have considered paying other obligations (she did not dispute and/or request verification) before paying the [Bank of America] obligation (since [she] was still waiting for verification and assumed that [Bank of America] had ceased collection in the interim.)" *Id.* at 9.

The court agrees with the defendants that the plaintiff has failed to allege a concrete harm for purposes of Article III standing. *In Devoe v. Rubin & Rothman, LLC,* the plaintiff made similar FDCPA allegations, claiming that the debt collection letter sent by the defendants was misleading with respect to the level of attorney involvement in reviewing the plaintiff's file prior to sending the letter. In that case, the court issued an order asking the plaintiff to specify "any concrete, particularized injury in fact from the statutory violations [9] alleged" in the complaint, or, in the alternative, to "provide any authority or basis for plaintiff to assert standing in this action." *Order to Show Cause, Devoe v. Rubin & Rothman, LLC, No.* 21-cv-03551, (E.D.N.Y June 29, 2021). In response, the plaintiff argued that she had been the victim of a deceptive practice and that common law fraud was a sufficiently "close

historical or common-law analogue for [her] asserted injury" to satisfy Article III. Devoe, No. 21-cv-03551, ECF No. 12, at ¶ 6, 7 (quoting TransUnion, 141 S.Ct. at 2204). The court found that the plaintiff lacked standing because the "[p]laintiff allege[d] only informational violations in this instance, the misrepresentation of the debt collector as a law firm, and in all of the filings . . . herein, has not identified any other tangible harm." Order Dismissing Case, Devoe, 21-cv-03351 (E.D.N.Y. Sept. 29, 2021).

As in Devoe, here the plaintiff also alleges only informational harm, i.e. the defendants confused and deceived her. Although the plaintiff is correct that, to establish a concrete injury for purposes of Article III standing, "an 'identifiable trifle,' suffices, " *Craftwood II, Inc. v. Generac Power Sys., Inc.,* 920 F.3d 479, 481 (7th Cir. 2019) (quoting *United States v. SCRAP,* 412 U.S. 669, 689 & n.14 (1973)), the plaintiff provides no authority for the proposition that informational harm, such as confusion or deception, is a legally [10] cognizable injury under Article III. The plaintiff relies on cases that fall into three categories. The first two categories do not support her position, and the case in the third category is not persuasive authority.

One, the plaintiff relies on a number of cases where a plaintiff did not seek to establish Article III standing based solely on informational harm. See *Id.* (receipt of junk faxes held to be a sufficiently concrete injury for Article III because "printing the faxes used paper and toner, which are costly, and the need to read the incoming faxes diverted the time of one or more employees from the businesses' profitable endeavors"); *Lupia v. Medicredit, Inc.,* 8 F.4th 1184, 1191-92 (10th Cir. 2021) (debt collection agency calling the plaintiff after receiving a cease-and-desist letter held to be a sufficiently concrete injury because it "poses the same kind of harm recognized at common law-an unwanted intrusion into a plaintiff's peace and quiet"); *Robbins v. Resident Verify, LLC,* No. 2:20-CV-578-TC, 2021 WL 3292652, at *3 (D.

Utah Aug. 2, 2021) (temporary denial of a lease renewal application and humiliation stemming from erroneous background check held to be sufficiently concrete injuries because "[e]mbarrassment, although intangible, can be a concrete injury under the [Fair Credit Reporting Act]"); *Foley v. Mary Washington Healthcare Servs., Inc.*, No. 3:21-CV-239, 2021 WL 3193177, at *3 (E.D. Va. [11] July 28, 2021) (unnecessary purchasing of stamps to dispute a debt in writing held to be a sufficiently concrete injury for Article III because the plaintiff "incurr[ed] an economic injury she need not have suffered had [the defendant] advised her that she could dispute her debt orally"); *Thompke v. Fabrizio & Brook, P.C.*, 261 F.Supp.3d 798, 804-806 (E.D. Mich. 2017) (receipt of a debt collection letter written by a non-attorney but printed on a law firm's letterhead and publication of extraneous information about the plaintiffs in a foreclosure notice, which caused "confusion and embarrassment, " held to be a sufficiently concrete injury).

Two, the plaintiff relies on cases that precede TransUnion, which narrowed the categories of intangible harms sufficient to confer Article III standing. "Tangible harms, including '[m]onetary harms' are among those that 'readily qualify as concrete injuries under Article III.' Intangible harms also may be concrete, provided they satisfy the 'close relationship' analysis, in which the 'inquiry [is] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury.'" Kola, 2021 WL 4135153, at *4 (alteration in original) (quoting Spokeo, 136 S.Ct. at 1549). Although the court in *Degrasse v. Fin. Recovery Servs., Inc.*, No. 16-CV-3727, 2018 WL 2214651, at *3 (E.D.N.Y. Mar. 5, 2018), found that procedural violations of the FDCPA sufficed to confer Article [12] III standing, Degrasse preceded TransUnion, and the Second Circuit caselaw that it cites does not identify a close historical or common-law analogue for this injury, which is now "[c]entral to assessing concreteness." TransUnion, 141 S.Ct. at 2200. See

Strubel, 842 F.3d at 190; *Papetti v. Does 1-25*, 691 Fed.Appx. 24, 25 (2d Cir. 2017). The same is true with respect to *Napolitano v. Ragan & Ragan*, where the court found that receiving a debt collection letter that falsely implied that an attorney had meaningfully reviewed the case sufficed to establish injury for purposes of Article III. *Napolitano v. Ragan & Ragan*, No. CV 15-2732, 2017 WL 3535025, at *5-7 (D.N.J. Aug. 17, 2017). Also, while the court in *Martin v. Trott L., P.C.* found that a plaintiff being deceived and misled "about the extent of their debts and the status of legal proceedings related to collection of them" was a sufficiently concrete injury for purposes of Article III, the court perceived this injury to involve a "real risk of harm" because the plaintiff was "deprived of an accurate understanding of his situation by the defendants' misinformation." *Martin v. Trott L., P.C.*, 265 F.Supp.3d 731, 747, 748 (E.D. Mich. 2017). Here, the defendants' April 12, 2021 letter to the plaintiff contained no misinformation. It informed the plaintiff that the defendants had begun debt collection procedures and accurately described the plaintiff's rights under the FDCPA. [13]

Three, the plaintiff relies on a post-TransUnion case involving FDCPA claims, where the court held that false, misleading, and deceptive debt collection communications that confuse the recipient suffice to establish injury for purposes of Article III. See *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, No. 1:19-CV-724-RP, 2021 WL 3639801 (W.D. Tex. Aug. 17, 2021). The court stated that "even if [the plaintiff] is required to show an injury in addition [to] the FDCPA violation itself, familiarity with the FDCPA does not foreclose confusion from a misleading letter, similar to the 'anxiety, and worry' that other courts have found to be sufficient for an injury regarding an FDCPA claim." *Id.* at *3 (citing *Smith v. Moss L. Firm, P.C.*, No. 3:18-CV-2449-D, 2020 WL 584617, at *5 (N.D. Tex. Feb. 6, 2020); TransUnion, 141 S.Ct. at 2211)). This case appears to be an outlier, and the court finds more

persuasive the analysis in cases that hold to the contrary. See, e.g., *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) ("[T]he state of confusion is not itself an injury [for purposes of Article III]"); *Garland v. Orlans, PC*, 999 F.3d 432, 437, 439 (6th Cir. 2021) ("Confusion does not have 'a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit.' . . . [A] bare allegation of anxiety is not a cognizable, concrete injury.'" (quoting Spokeo, 136 S.Ct. at 1549)). [*]14

Finally, *Kola v. Forster & Garbus LLP, No.* 19-CV-10496, 2021 WL 4135153, (S.D.N.Y. Sept. 10, 2021), is instructive. In Kola, the court held that "merely receiving a letter from a debt collector that was confusing or misleading as to the amount owed does not demonstrate a harm closely related to fraudulent or negligent misrepresentation - both of which require some form of reliance - where the recipient's financial condition made the amount of money owed irrelevant." Kola, 2021 WL 4135153, at *7. As in Kola, here the plaintiff "has failed to establish that she relied on the letter in making any decision about paying the debt." *Id.* Although the plaintiff asserts that "she would have considered paying other obligations . . . before paying the [Bank of America] obligation, " the plaintiff does not claim

to have actually paid any portion of the Bank of America debt. Pls.' Resp. Defs.' "Notice of Req. for Permission to Suppl. Mot. J. on the Pleadings, " at 3-4, ECF No. 37. Moreover, "[w]hile the letter may have caused some confusion, it was not in fact a misrepresentation of the amount Plaintiff would have had to pay to satisfy the debt. This brings [p]laintiff's alleged injury even further from common-law fraud or negligent misrepresentation." Kola, 2021 WL 4135153, at *7. [*]15

### IV. Conclusion

For the reasons set forth above, the defendants' Motion for Judgment on the Pleadings (ECF No. 16) is hereby GRANTED. The Clerk shall enter judgment accordingly and close the case.

It is so ordered. [*]16

EXHIBIT A



**Schreiber Law, LLC**
www.schreiblaw.com

53 Stiles Road Suite A102 - Salem, NH 03079
Tel (603)870-5333  Toll Free (800)423-8142
TTY (866)718-3328  Facsimile (603)870-0077
8:30 AM EST to 5:30 PM EST
Monday - Friday

To:  Peter J Walker
45 Old Rd
Westport, CT 06880-4142

**Our File No.: 4241620**

**Schreiber Law, LLC is a debt collector.** We are trying to collect a debt that you owe to Cavalry SPV I , LLC. We will use any information you give us to help collect the debt.

## Our information shows:

You had a account with Citibank, N.A./AAdvantage with account number XXXXXXXXXXXX3587.

| | |
|---|---|
| As of 03/10/2021, you owed: | $19,698.23 |
| Between 03/10/2021, and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount toward the debt: | - $0.00 |
| Total amount of the debt now: | $19,698.23 |

## How can you dispute the debt?

- **Call or write to us by 02/10/2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write to us by 02/10/2022**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at disputes@schreiblaw.com

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by **02/10/2022**, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at originalcreditor@schreiblaw.com
- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.
- Contact us about your payment options.

---

*Notice: See reverse side for important information.*

---

**Mail this form to:**

53 Stiles Rd
Suite # A102
Salem, NH 03079

## How do you want to respond?

*Check all that apply:*
☐ **I want to dispute the debt because I think:**
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).
☐ **I want you to send me the name and address of the original creditor.**
☐ **I enclosed this amount:** | $ |

*Make your check payable to Schreiber Law, LLC.*
*Include our file number: 4241620*

Peter J Walker
45 Old Rd
Westport, CT 06880-4142