UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |  | |
|---|---|---|---|
| PETER WALKER, | : | | |
| PLAINTIFF | : | | |
| V | : | CASE NO.: 3:23-cv-00385—VLB |
| SCHREIBER / COHEN, LLC | : | | |
| DEFENDANT | : | NOV. 17, 2023 |

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS <u>MOTION TO DISMISS</u>

    Pursuant to Local Fed. R. Civ. Proc 7(d), Defendant hereby submits its Reply Memorandum of Law in Further Support of its Motion to Dismiss plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a cause of action. (Hereinafter "Reply").

1

## OPENING STATEMENT

*"Half a truth is often a great lie."*

-Benjamin Franklin

Unfortunately, plaintiff's misrepresentations and inconsistent statements in both his Complaint and Opposition to Defendant's Motion To Dismiss ("Opposition"), do not amount to even half-truths.

The Plaintiff needs to allege and otherwise articulate in his Complaint and Opposition, a concrete injury he suffered caused by the defendant for the court to retain jurisdiction of this case. He woefully fails to allege such injury. Rather, plaintiff continues to lie, misstate facts, and contrive baseless allegations to seek favor and sympathy from the Court. This Court sees right through plaintiff's fruitless efforts.

As set forth in the Court's Order dated April 13, 2023, where it denied plaintiff's amended motion to proceed in forma pauperis, the Court found that "[it] doubts the credibility of the plaintiff's representations in his motion because his income has suddenly dropped dramatically, his cash on hand…..has dropped dramatically, his expenses have increased slightly, and he no longer lists the value of his vehicle…These unexplained differences suggest to the Court that his representations alone are not credible and are an apparent attempt to minimize his financial position."

After reading Plaintiff's Complaint and Opposition, one may conclude that plaintiff is continuing his pattern of deceit and retaliating against defendant, with an ulterior motive to skirt payment of a lawful debt that he admitted he owed prior to the commencement of this lawsuit, and in so doing, is harassing the defendant so that

2

defendant and its client terminate all lawful attempts to collect the $19,698.23 debt that plaintiff owes to defendant's client. The Complaint, as more fully provided below, has no merit, is frivolous, and meant to harass the defendant.

## **RESPONSIVE STATEMENT OF FACTS**

On March 29, 2022, plaintiff spoke with an agent for defendant. During that conversation, the parties engaged in settlement negotiations and plaintiff made a voluntary payment at $300 towards the account. Contrary to the plaintiff's allegation, the agent <u>never</u> told the plaintiff that the only way to "stop" the collections proceedings was to make a payment. In that conversation, the plaintiff admitted he owed the debt and agreed to a monthly payment plan.  (See Argument 2) During that conversation, plaintiff acknowledged that the phone conversation was being recorded.  He asked the agent for a copy of the recording.[1] Surprised by the request, the agent, who has had decades of experience as a debt collector, told plaintiff she did not know whether the plaintiff could get a copy of the recording.

The last most relevant fact is that the plaintiff did not, and has not, sustained any injury in fact. *See TransUnion, LLC v. Ramirez,* 594 U.S.A __, 20-297, 6/25/21) (holding "No concrete harm.  No standing.")*; Faherty v. Rubin & Rothman,3:21-cv-650 (attached to the defendant's motion for judgment on pleadings)* (noting that "informational harm" does not qualify as an injury to show Article III injury);  *McMorris v. Carlos Lopez &*

---

[1] Plaintiff was attempting to set up Defendant as early as the time he spoke to Defendant's agent on March 29, 2022, and asked for a copy of a recording of the conversation.  The highly experienced agent was taken aback because no consumer ever before asked her for a copy of a phone conversation's recording in the middle of the conversation.  Why do you think he asked for the recording?  He asked for it so he could parse the recording to frame a bogus claim against defendant. His ultimate purpose is to obtain leverage against defendant so he would not have to pay the significant lawful debt he owes to defendant's client.  When Plaintiff did not obtain a copy of the recording, he brought suit against defendant anyway, <u>the day before the FDCPA's one year statute of limitations expired,</u> alleging defendant's "illegal activity" without identifying the alleged illegal conduct.

3

*Assocs.,* No. 19-4310 (2d Cir ) (April 26, 2021) (holding that time and money spent monitoring or changing financial information and accounts was not an injury that qualifies as Article III standing)*; Choice v. Kohn Law Firm, S.C.,* No. 21-2288 (7th Cir.) (Decided, August 1, 2023) (noting confusion, loss of sleep and hiring a lawyer were not concrete injuries)*.*

Plaintiff's voluntary payment of $300 was not an actual injury.

## **LEGAL STANDARD**

Defendant stated the proper legal standard on a motion to dismiss wherein it stated that "[f]or purposes of ruling on a motion to dismiss for want of standing… the [court] must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Construction & General Laborers' Local Union v. City of Hartford*, 153 F. Supp. 2d 156 (D. Conn. 2001).  However, "the burden of proving subject matter jurisdiction is by a preponderance of the evidence is on plaintiff." *See Garcia v. Howard Lee Schiff,* 2017 WL 1230847, No.3:16-CV-00791 (VAB) (March 30, 2017) (emphasis added. To survive a defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1), a plaintiff must state a claim for relief that is plausible on its face.  *Id.* A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff failed to meet that burden and the claim must be dismissed.

## **LEGAL ARGUMENT**:

## **ARGUMENT 1**

## **PLAINTIFF LACKS STANDING TO SUE AND THERFORE, THE COMPLAINT MUST BE DISMISSED.**

Plaintiff lacks Article III standing thereby depriving this Court of jurisdiction and the Complaint must be dismissed. Neither plaintiff's complaint nor his Opposition demonstrate that he sustained an actual or concrete injury. "Standing is the threshold question in every federal case, determining the power of the court to entertain the suit." *Faherty v. Rubin & Rothman*, 3:21-cv-650 (AWT) (internal quotations omitted). "That is, where a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over that claim and must dismiss it." *Faherty, supra. (quoting Kola v. Foster & Garbus, LLP*, No. 19-CV-10496, 2021 WL 4135153, at *3 (S.D.N.Y. Sept 10, 2021) (citations omitted). As in this case, plaintiff lacks standing to sue. Consequently, it is appropriate to dismiss the case, pursuant to Rule 12(b)(1), for want of subject matter jurisdiction. Plaintiff has had two opportunities to articulate a concrete injury. He has woefully failed to do so.

In order to establish Article III standing, the plaintiff must show (1) an 'injury in fact', (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision. *Maddox v. Bank of New York Mellon tr. Co., N.A.*, 19 F. 4d 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs of Wildlife,* 504 U.S. 555, 260-61 (1992). An injury satisfies the concrete requirement if it "actually exists – and that it is not hypothetical or conjectural." See *Spokeo v. Robins,* 136 S.Ct, 1540, 1548 (2016).

Nothing in plaintiff's Complaint and Opposition establishes an injury in fact. Rather than concede this fact, plaintiff skirts the issue by arguing that defendant made misrepresentations, deceived him into entering into an unfavorable contract. However, he fails to articulate any <u>facts</u> that were misrepresented to him, he utterly fails to demonstrate specific deceptive actions and he never demonstrates that defendant coerced him into an unfavorable 'contract.' As will clearly be shown in Argument 2, which includes a transcription of the phone conversation that plaintiff had with defendant's agent, nothing untoward or actionable occurred. More importantly, he does not allege that he sustained an injury as a result of his conversations with defendant.

Plaintiff argues that his voluntary payment towards a debt (that he acknowledged he owes) is somehow an injury at this stage. It is only when he is questioned as to the validity of his standing to sue, that he claims this voluntary payment would constitute an injury. It is clear that he is 'grasping at straws.'

Plaintiff cites *Remington v. Fin. Recovery Serv., Inc.,* No. 3;16-cv-865 (JAM) (D. Conn. Mar. 15, 2017) as reference to establish that he sustained an injury. In that case, the defendant had sent the plaintiff/consumer a settlement offer letter that indicated that "This settlement may have tax consequences. Please consult your tax advisor." *Id.* According to the plaintiff therein, "this statement suggested that the consumer could be in trouble with a tax authority if she did not pay in full rather than settle and that it created a false sense of urgency and it was meant to make the consumer nervous, worried or upset." *Id.*, at p. 2. The Court held that the plaintiff had read the letter and felt harmed by it. "The letter thus affected the plaintiff in a personal and individual way." Id at p. 3. Thus, the Court indicated that such an injury was not merely a vehicle for the

vindication of the value interest of concerned bystanders or the public at large. *Id., citing Strubel v. Comenity Bank 842 F.3d 181, 188* (holding that a plaintiff may establish an injury if the defendant's actions or inactions injured a consumer in a way distinct from the body public.). The Court also held that harm was not the result of a bare procedural violation, rather the alleged harm was impairment of an FDCPA-created substantive right to truthful, non-deceptive information in debt collections communications. That is not applicable to the present case.

Nothing said or alleged in plaintiff's complaint shows that the defendant impaired plaintiff's right to truthful, non-deceptive information. There is nothing in the complaint that states that defendant or its agents stated anything in particular that was untruthful or deceptive. Unlike the plaintiff in *Remington, supra*, where defendant's letter deceived her specifically by making her fearful that any actions could result in tax consequences harmed her. Nothing in plaintiff's complaint establishes similar harm.

Plaintiff's complaint includes allegations that defendant told him that payment of the debt would stop the litigation proceedings. He does not allege that this "allegation" somehow harmed him, threatened him or otherwise injured him. The only result of this alleged statement is that plaintiff voluntarily agreed to make a $300 payment towards a debt that he acknowledged he had. That is not an injury, but an agreement and the public often enter into agreements for payment plans. This certainly is not an injury distinct from the body politic. *See Strubel, supra.*

*Zirogiannis v. Seterus, Inc.,* 221 F. Supp. 3d 292, (E.D.N.Y. 2016), a New York case, is also not applicable. Therein, plaintiff alleged that he sustained an injury when he received a collection letter that referenced a debt owed but also indicated that the

7

amount owed "might include additional third-party costs… and future costs that may be necessary." *Id.* The Court held that the plaintiff sustained an 'injury' sufficient to confer standing in that he personally received the letter and that letter failed to convey statutorily required information. *Id.* The Court found that he had an actual concrete interest in receiving accurate information regarding the amount of his debt. *Id.* That is not the case in this matter.

     Plaintiff received all accurate information regarding his debt.  There is no allegation that any information or statement sent to plaintiff contained "inaccurate" information regarding his debt.  He simply states that that during telephone conversations defendant made "misrepresentations", used "deception and a pressure campaign to cajole Plaintiff into signing an unfavorable contract."  He does not state what was misrepresented.  He makes no reference to what was "deceptive" during the conversations.  He simply makes references to the words such as "misrepresentations" and "deception" but he does not carry any facts to support what exactly was stated, because he cannot, as nothing was misrepresented. Furthermore, he makes no effort to attempt to show that <u>he</u> was injured by any of defendant's statements.  Thus, his Complaint must be dismissed.

## ARGUMENT 2

## DEFENDANT'S CALL RECORDING OF THE MARCH 29TH PHONE CALL DEMONSTRATES THAT DEFENDANT DID NOT ENGAGE IN ANY WRONGFUL BEHAVIOR AND THUS, PLAINTIFF FAILED TO STATE A VALID CAUSE OF ACTION.

Plaintiff alleges that defendant engaged in some 'wrongdoing' during a telephone conversation, however, he cannot articulate to the Court what that wrongdoing consisted of, and in fact, defendant can prove that there was, in fact, no wrongdoing.

Defendant obtained and transcribed for the Court a complete copy of the telephone call plaintiff complains about in his complaint. On a motion to dismiss, the court may consider affidavits and other material beyond the pleading to resolve the jurisdictional question. *See Zirogiannis, supra* (citing *Forbes v. State Univ. of New York at Stony Brook),* 259 F. Supp. 2s 227, 231-32 (E.D.N.Y. 2003) The transcript, together with an affidavit of the person who obtained the transcript, is attached as an exhibit to this Reply. After reading the call transcript carefully, one must conclude that defendant's telephone agent did not commit any inappropriate behavior. In fact, she could not have been more pleasant to the plaintiff. Defendant's agent did not use deceptive methods, or otherwise, attempt to coerce plaintiff into making a payment or "an unfavorable contract" as plaintiff terms it. From the beginning of the phone call through the end, defendant's agent explained the terms of a payment plan, and the mechanics of the plan to settle the claim.

9

As set forth in the attached recording transcript, plaintiff negotiated a payment plan that was lower than defendant's client required, so the agent had to obtain authority to offer that payment plan. The agent communicated to plaintiff that its client agreed to the lower payment plan.

> *[agent]* So I communicated to Cavalry, and as I said, it was less than half of an hour. And they did get back to me. They did say they would accept $300 a month.
>
> *[plaintiff]* They will.  Okay, well, that's good to hear. Let's get that set up.
>
> *[…]*

Plaintiff, in his Complaint and Opposition, tries to convince this Court that during this conversation, he was deceived into this arrangement. But the recording clearly contradicts this proposition.  The agent obtained its client's permission to enter into a payment arrangement that was much more favorable to him than to the client. This was communicated clearly to the plaintiff and he agreed.  In fact, he was eager to get that set up.  (See above)

> *[agent]* This is a superior court case so I need to get moving with you on this one so we can communicate to the courts and let them know we have something going on.

The agent clearly explained the situation, there were no misrepresentations, no deception and no coercion.  She simply remained calm and explained that she was not "rushing" him into any arrangement.

> *[agent]* And it will be in Superior Court. You owe the money, and there's no rush here. I mean, it was due years ago. That's when it was due. That would have been the rush. There's no rush here. Like, we're giving you a payment arrangement that I had to get approved because I'm not

10

> allowed to do that. I have to wait for their (client's) approval….
>
> ***[plaintiff] All right, understood.***
>
> […]

It is <u>clear</u> this was an agreement and understanding between the parties. The agent and plaintiff further discussed how the payments would be paid. Defendant would not take a payment from plaintiff without a live conversation with the plaintiff every time a payment is made.  Ultimately, plaintiff agreed to this arrangement and made a voluntary payment. Obviously, there was no misconduct and plaintiff cannot prove otherwise and his Complaint must be dismissed.

> ***[plaintiff]*** Okay, <u>I'll make the $300 payment now.</u>"

That certainly sounds like plaintiff was a willing participant and that he voluntarily agreed to make that payment.  Nothing untoward, nothing coerced and there was absolutely no deception and no misrepresentation.

The call ended with each exchanging pleasantries… "Good night… and Bye. (see attached transcript attached to the affidavit of Noah Boudreault.).

As this Court can see, there is nothing untoward or inappropriate that was said between the parties. Rather, the plaintiff offered a payment plan that was lower than defendant's client required, defendant's agent obtained authority to accept that lower plan, plaintiff agreed to a payment plan and made a voluntary payment.  As such, there are absolutely no grounds to base a valid cause of action.  The case must be dismissed.

11

Plaintiff did not sustain any injury and nothing on the call recording transcript contradicts this fact. In fact, the transcript shows that plaintiff made a voluntary payment, agreed to commit to a payment plan of $300/month. Defendant did not engage in any action that could be considered a violation of the Fair Debt Collection Practices Act. Clearly, the result of the conversation is plaintiff making a voluntary payment of $300. This is undisputed and a reading of the call recording transcript confirms this fact.

## **ARGUMENT 3**

## **DEFENDANT SHOULD BE ENTITLED TO DAMAGES AS PLAINTIFF'S LAWSUIT IS FRIVOLOUS.**

Pursuant to CT Gen. Stat. § 52-568, a person who commences and prosecutes a civil action without probable cause is liable for double or treble damages. A claim is frivolous (a) if maintained primarily for the purpose of harassing or maliciously injuring a person, (b) if the lawyer is unable to either to make a good faith argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith argument for an extension, modification or reversal of existing law…." *Brunswick v. Statewide Grievance Comm.*, 103 Conn. App. 601, 614, 931 A.2d 319 (2007). By reason of the foregoing, Plaintiff's complaint is frivolous and defendant should be entitled to damages.

Plaintiff has demonstrated that defendant's lawsuit was commenced in bad faith to harass defendant and injure the firm for malicious reasons. Plaintiff is unable to make a good faith argument that defendant engaged in any specific activity that could be considered a violation of the Fair Debt Collection Practices Act. Plaintiff has not articulated any action by the defendant considered abusive, deceptive or unfair.

This lawsuit is plaintiff's bad faith effort to humiliate and harass the defendant. Plaintiff owed, and still owes, an almost $20,000 debt (exclusive of interest accrued since charge off) to defendant's client. Defendant always engaged in lawful and over-accommodating efforts to arrange for plaintiff to enter a payment plan. Plaintiff agreed to a voluntary payment plan. Plaintiff breached that agreement. Plaintiff is now harassing defendant in Federal Court. Because plaintiff's lawsuit is frivolous and otherwise

13

without merit, defendant should be entitled to damages in accordance with CT Gen. Stat. § 52-568.

## CONCLUSION

Plaintiff filed this frivolous case in Federal Court thereby invoking federal jurisdiction.  Plaintiff bears the burden of establishing each of the elements of his complaint, including Article III standing. Plaintiff has not alleged any concrete harm or any injury in fact. Nor has he demonstrated an actual injury in his Plaintiff alleges that defendant engaged in some wrongdoing that he cannot describe to the Court.  Rather, plaintiff has intentionally misled the court, intentionally misstated facts, and uttered lies for which defendant may recover damages under CT Gen. Stat. § 52-568.

Moreover, as the call recording transcript demonstrates, and contra to plaintiff's allegations, defendant did not engage in any wrongful behavior or made any statements to plaintiff that were inappropriate.  Defendant and plaintiff simply discussed a voluntary payment plan. Based upon plaintiff's intentionally untoward behavior in this litigation, defendant requests that Plaintiff's complaint be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that the Court grant its Motion, dismiss this case with prejudice, and for any such other relief the court deems to be just.

For Defendant,
By Its Attorneys

/s/ Heather Q. Wallace, CT Fed Bar # ct30537
Heather Q. Wallace, CT Fed Bar # ct30537
SCHREIBER LAW, LLC
Jeffrey A. Schreiber, Juris # 438731
Heather Q. Wallace, ct 30537
SCHREIBER LAW, LLC
53 STILES RD, A-102
SALEM NH 03079
HWALLACE@SCHREIBLAW.COM

## ORDER

THE FOREGOING MOTION HAVING BEEN CONSIDERED IT IS HEREBY ORDERED THAT DEFENDANT'S MOTION TO DISMISS IS

GRANTED / DENIED (WITH PREJUDICE).

_____

JUDGE/CLERK OF THE COURT

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on 17 November 2023, to the following counsel of record or pro-se parties:

Peter Walker
45 Old Rd.
Westport CT 06880

/s/ Heather Q. Wallace, CT Fed. Bar # ct 30537
Heather Q. Wallace
COMMISSIONER OF THE COURT
